# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HMG BENEFIT SERVICES, LLC, | CASE NO. 07cv1704 DMS (LSP) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND MATTER TO STATE COURT** |
| vs. | |
| FRINGE INSURANCE BENEFITS, INC., et al., | **[Docket No. 4]** |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to remand this case to San Diego Superior Court. The Court found this motion suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court denies Plaintiff's motion.

**I.**

**BACKGROUND**

On or about June 1, 2002, Plaintiff HMG Benefit Services, LLC ("Plaintiff") and Defendant Fringe Insurance Benefits, Inc. ("Defendant Fringe") entered into a written contract. (Compl. at 2.) Plaintiff alleges it has performed its obligations under the contract, but Defendant Fringe has failed to satisfy its payment obligations, causing Plaintiff to suffer damages in the amount of $287,690.17. (*Id.*)

Plaintiff also alleges it entered into another contract with Defendants on April 18, 2005. (*Id.* at 3.) Plaintiff alleges its has performed its obligations under this contract, but Defendants have failed

1  to satisfy their payment obligations, resulting in damage to Plaintiff of $4,000 per month from August
2  1, 2006, to present. (*Id.*) Plaintiff alleges this contract was procured through Defendants' fraud. (*Id.*
3  at 3-4.)

4  On June 29, 2007, Plaintiff filed the present Complaint against Defendants Fringe, Fringe
5  Benefit Group, L.P., Plan Benefit Services, Inc. and Travis West in San Diego Superior Court. On
6  July 20, 2007, Plaintiff's counsel mailed a copy of the Summons, Complaint and ADR package to
7  Defendant Travis West ("Defendant West"). These documents were sent "first-class postage prepaid
8  of $6.62, Certified Mail, Return Receipt Requested[.]" (Mot. to Remand, Ex. A.) The documents
9  were received by Sara West on July 23, 2007. (*Id.*) Plaintiff's counsel thereafter filed a Proof of
10 Service in the Superior Court, and on August 23, 2007, Defendants filed their Answer to the
11 Complaint. Five days later, on August 28, 2007, Defendants removed Plaintiff's Complaint to this
12 Court. In response, Plaintiff filed the present motion to remand. Defendants have filed an opposition
13 to the motion, and Plaintiff has filed a reply.

## II.

## DISCUSSION

16 Plaintiff asserts Defendants' notice of removal was untimely, therefore the case should be
17 remanded to state court. The time for filing a notice of removal is set out in 28 U.S.C. § 1446(b),
18 which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

23 28 U.S.C. § 1446(b). The Supreme Court has interpreted this statute to mean "that a named
24 defendant's time to remove is triggered by simultaneous service of the summons and complaint, or
25 receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons,
26 but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers, Inc.*
27 *v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 347-48 (1999).
28 / / /

There is no dispute that state law determines when formal service of process is effected. Here, Plaintiff served Defendants pursuant to California Code of Civil Procedure Section 415.40, which provides:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Cal. Civ. Proc. Code § 415.40.

Relying on the last sentence of this statute, Defendants argue they were not formally served with process until July 30, 2007, ten days after Plaintiff's counsel mailed the necessary documents to Defendant West. Applying this date, Defendants assert they had until August 29, 2007, to file their notice of removal, rendering their August 28, 2007 removal timely.

In response, Plaintiff relies on the California Supreme Court's decision in *Johnson & Johnson v. Superior Court*, 38 Cal.3d 243 (1985). In that case, the court held "that service is effected on the date of mailing of a summons in the form provided for in section 415.40." *Id.* at 252. According to that holding, Defendants were served on July 20, 2007, giving them until August 20, 2007, to file their notice of removal. Because Defendants did not file their notice of removal by that deadline, Plaintiff contends their removal was untimely and the case must be remanded to state court.

The holding of *Johnson & Johnson*, however, is tempered by the court's acknowledgment that Section 415.40 permits "a 10-day grace period before the time for the defendant to answer begins to run." *Id.* at 250. Two district courts in the Ninth Circuit have found this grace period applies equally to notices of removal, *see Jimena v. UBS AG Bank, Inc.*, No. 1:07-CV-00367 OWW TAG, 2007 WL 1687045 (E.D. Cal. June 8, 2007); *Big B Automotive Warehouse Distributors, Inc. v. Cooperative Computing, Inc.*, No. SC 00-2602, 2000 WL 1677948 (N.D. Cal. Nov. 1, 2000), and this Court agrees with that conclusion.

As explained by the Supreme Court in the *Murphy Brothers* decision, requiring formal service of process before starting the removal clock ensures that the court may "exercise power over a party the complaint names as defendant." 526 U.S. at 1327. According to the explicit holding of *Johnson & Johnson*, this would occur upon mailing of the service and complaint. However, the mere mailing

of these documents would not provide notice to the party to be served, and absent any notice, it would be highly unusual for a court to assert its authority over that party.  Under most circumstances, a court's authority vests upon the party's receipt of the summons and complaint, but according to the Supreme Court, "mere receipt of the complaint unattended by any formal service" is insufficient to trigger a defendant's time for removal.  *Id.* at 1325.  Furthermore, the California Supreme Court has rejected the argument that service is effective upon receipt of the summons and complaint pursuant to Section 415.40.  *See Johnson & Johnson*, 38 Cal.3d at 249-50.

Because neither federal nor state law permits reliance on the date of receipt of the summons and complaint for purposes of triggering a defendant's time for removal, the time for removal must begin either upon mailing of the complaint, or ten days thereafter.  For the reasons set out above, this Court finds the latter option is more consistent with the *Murphy Brothers* decision, and it furthers the purpose of requiring formal service of process before starting the removal clock.

Applying this finding to the facts of this case, Defendants time for removal did not begin until July 30, 2007, giving them until August 29, 2007, in which to remove.  Their Notice of Removal was filed on August 28, 2007, and was therefore timely.

### III.
### CONCLUSION

For these reasons, the Court DENIES Plaintiff's motion to remand.

**IT IS SO ORDERED**.

DATED:  November 7, 2007

_____
HON. DANA M. SABRAW
United States District Judge